UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUSSELL D. GRADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:13-cv-00342-TWP-MJD |
| | ) |
| AFFILIATED COMPUTER SERVICES ACS, | ) |
| a xerox company, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON REQUEST FOR FEES AND EXPENSES**

This matter comes before the Court on Xerox Business Services, LLC's[1] ("Defendant") Request for Fees and Expenses. [Dkt. 59.] For the following reasons, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendant's request.

### I. Background

On March 1, 2013, Russell Grady ("Plaintiff") filed his Complaint with the Court, alleging that Defendant worked in concert with Plaintiff's former employer, Alpha Rae Personnel, Inc. ("Alpha Rae"), to discriminate against him because of his race and ethnicity. [Dkt. 1 at 2.] After several unsuccessful attempts to obtain certain discovery responses from Plaintiff over several months, Defendant filed a motion to compel. [*See* Dkt. 22.] After oral argument on the issue, Defendant's motion to compel was granted, and the Court gave Defendant the opportunity to seek its reasonable attorney's fees under Federal Rule of Civil Procedure 37. [Dkt. 55 at 12.] Pursuant to the Court's instruction, Defendant filed notice of its request for fees

---

[1] Formerly known as Affiliated Computer Services, Inc. and incorrectly named in the Complaint as "Affiliated Computer Services, ACS, A Xerox Company." [Dkt. 1, Dkt. 59 at 1.]

1

and expenses, to which Plaintiff did not respond. [Dkt. 59.] Such request for fees and expenses incurred by Defendant in its motion to compel Plaintiff's discovery responses is now before the Court.

## II. Discussion

Federal Rule of Civil Procedure 37 grants that "the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the movant is not entitled to such fees and expenses where (1) the movant did not make a good faith attempt to resolve the matter before involving the court, (2) the nondisclosure was substantially justified, or (3) other circumstances make an award of expenses unjust. *Id.* Even where a motion for fees is unopposed, the Court still has the duty to eliminate all unreasonable amounts sought when an award of reasonable attorney's fees is appropriate. *See Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1138 (7th Cir.1987).

First, it is evident that the Defendant made a good faith attempt to resolve the parties' dispute before filing its motion to compel. While Defendant had initially believed that Plaintiff's discovery responses were complete, Plaintiff's deposition testimony indicated that he was in possession of further responsive information (such as employment history, documents, and audio files). [Dkt. 55 at 1-2.] Although he was reminded at the deposition that he was required to supplement his responses, Plaintiff insisted that he, being a pro se Plaintiff, was not required to abide by the Federal Rules of Civil Procedure. [*Id.*] This point was clarified at the October 2012 status conference with the Court, and Defendant was advised that, should Plaintiff's supplemental responses remain unsatisfactory, Defendant had leave to file a motion to compel. [Dkt. 21.] When received by the Defendant, Plaintiff's supplemental responses were riddled

with general objections instead of substantive responses, and Defendant alleged that even after making further attempts to recover the information and documentation requested that Plaintiff "refused to cooperate." [Dkt. 55 at 2.] Thus, the Defendant was unsatisfied with Plaintiff's responses and filed its motion to compel, pursuant to the Court's instruction and in accordance with Local Rule 37-1. Accordingly, the Court finds that Defendant made a good faith attempt to resolve the discovery dispute before filing its motion to compel, and the Court does not find exception to the mandate to grant fees and expenses for this reason.

The Court also finds no justification for Plaintiff's refusal to supplement the requested discovery responses. First, Plaintiff did not respond to Defendant's motion for fees and expenses and thus makes no attempt to justify his failure to respond. Further, while Plaintiff may have felt justified in believing that he was not required to comply with the Federal Rules of Civil Procedure as a pro se Plaintiff, the Court made it clear to the Plaintiff at the October 2012 status conference that he was to supplement his responses accordingly and that no such exception to compliance to the Federal Rules of Civil Procedure exists. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir.1994) ("[B]eing a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders. It does not give the pro se litigant the discretion to choose which of the court's rules and orders it will follow, and which it will wilfully [sic] disregard"). Accordingly, even if Plaintiff's nonresponse was justified prior to the October 2012 status conference, any obfuscation was clarified at that time, and Plaintiff had no reason to "refuse to cooperate" with Defendant thereafter. Thus, Plaintiff's nondisclosure was not substantially justified and this exception does not apply.

The final exception to Rule 37's mandatory award of reasonable fees and expenses is where "other circumstances make an award of expenses unjust." Again, Plaintiff has not

3

responded to Defendant's motion for fees and expenses, but the Court also acknowledges that Plaintiff is pro se and will "treat [him] accordingly." *Downs*, 78 F.3d at 1257. Due to Plaintiff's status as a pro se litigant, the Court finds case law pertaining to the ability to pay awards required by Rule 54 to be instructive on this issue. In the Rule 54 context, the Seventh Circuit has found that, although there is a strong presumption that costs are to be awarded, "this presumption may be overcome by a showing of indigency." *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983). However, where "there is no evidence that the [pro se party] is indigent," the presumption has not been overcome. *McGill v. Faulkner*, 18 F.3d 456, 458 (7th Cir. 1994). Although the Court has granted Plaintiff's motion to proceed *in forma pauperis*, such a motion in the Southern District of Indiana is merely an "Application to Proceed in District Court without Prepaying Fees or Costs," and no finding of indigency was made in so granting Plaintiff's motion. [*See* Dkts. 2, 4.] Without further evidence of Plaintiff's inability to pay, the presumption of an award of reasonable fees and expenses pursuant to Rule 37 is not overcome, and thus Plaintiff qualifies for no exception to the Rule 37 mandate to award fees and expenses.

Having found that an award of fees and expenses is appropriate, the Court must still make a finding that the fees and expenses requested by the Defendant are reasonable. *See Spanish Action Comm. of Chicago*, 811 F.2d at 1138. Reasonable attorney's fees are equal to a reasonable rate multiplied by the number of hours reasonably expended on the motion—a calculation known as the "lodestar"—and "nothing else." *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir.2012). The rate actually charged by the prevailing attorney is the rate to which the prevailing party is presumptively entitled, regardless of whether the attorney may charge a rate above or below the market average. *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir.1993). With regard to the amount of hours reasonably expended, the district court is given

exceptional discretion when determining whether the time an attorney spends on a motion before the judge is reasonable. *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 659 (7th Cir.2007). Here, each defense attorney bills at an hourly rate of $230, which is a presumptively reasonable rate according to the standard set forth in *Gusman*. In looking to the amount of hours expended by defense counsel, the Court looks to the language of Rule 37 itself: the movant shall recover all reasonable fees and expenses pertaining to their motion to compel when a party's "conduct necessitate[s] the motion." Fed. R. Civ. P. 37 (a)(5)(A). This language indicates that only those hours that Plaintiff caused to be expended or makes necessary are recoverable. Thus, because defense counsel would have prepared for and conducted the October 2012 status conference regardless of Plaintiff's failure to supplement Defendant's discovery requests, the court will eliminate the 1.25 hours allocated to preparing for and conducting such conference. Accordingly, the 23.00 hours submitted by defense counsel will be reduced to 21.75, which, when multiplied by the reasonable $230 hourly fee, results in a fee award of $5002.50.

### III. Conclusion

For the aforementioned reasons, Defendant's Request for Fees and Expenses [Dkt. 59] is **GRANTED IN PART** and **DENIED IN PART**. Accordingly, pursuant to Rule 37, Plaintiff is hereby **ORDERED** pay Defendant $5002.50 for causing Defendant to move to compel his discovery responses.

Dated: 11/13/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

RUSSELL D. GRADY
3078 Baltimore Terrace
Indianapolis, IN 46218

Tasha Rebecca Roberts
ROBERTS AND BISHOP
troberts@roberts-bishop.com

F. Daniel Wood, Jr.
THE KULLMAN FIRM
fdw@kullmanlaw.com